UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ROBERT D. JONES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-398-TAV-DCP |
| | ) | |
| BRANDON STRYKER, and PHILIP JINKS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Request for Appointment of Counsel [Doc. 7]. For grounds, Plaintiff states that he was granted in forma pauperis status in this case.

The appointment of counsel in civil cases is not a constitutional right, but the Court may use its discretion to appoint counsel in civil cases under certain circumstances. *Brubaker v. Barrett*, 801 F. Supp. 2d 743, 763 (E.D. Tenn. 2011). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 29 U.S.C. § 1915(e)(1)). For a requesting party to be appointed counsel in a civil case, the requesting party must first show that he/she has no financial means to afford an attorney. *Brubaker,* 801 F. Supp. 2d at 763. Second, the appointment of counsel in civil cases is not a constitutional right, but instead "a privilege that is justified only by exceptional circumstances." *Id. (*quoting *Lavado v. Keohane,* 992 F.2d 601, 606 (6th Cir. 1993)). In considering if exceptional circumstances exist, courts have "examined the type of case and the abilities of the plaintiff to represent himself," which "generally involves a determination of the complexity of the factual and legal issue involved." *Id.*

(quoting *Lavado*, 992 at 606). It is Plaintiff's burden to show that exceptional circumstances exist. *Id.*

At this time, the Court finds that Plaintiff has not established the sort of exceptional circumstances that would warrant the appointment of counsel on his behalf. Plaintiff has shown that he does not have the financial ability to hire an attorney; however, that showing does not complete the equation. Plaintiff does not argue that exceptional circumstances exist in this case. Further, the Court has reviewed the Complaint and does not find that this case involves complicated legal or factual issues. Specifically, Plaintiff alleges that Defendant Stryker used excessive force against him and that Defendant Jinks was deliberately indifferent to his need for medical care. Accordingly, the Court hereby **DENIES** Plaintiff's Request for Appointment of Counsel [**Doc. 7**].

    **IT IS SO ORDERED.**

                       ENTER:

                       */s/ Debra C. Poplin*
                       Debra C. Poplin
                       United States Magistrate Judge