UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ROBERT D. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:19-CV-398-TAV-DCP |
| | ) |
| BRANDON STRYKER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on a sua sponte review of the record. As background, plaintiff initially filed a complaint against several police officers, alleging claims relating to Officer Stryker stomping on his head in the course of an arrest [Doc. 1]. Upon an initial screening under the Prisoner Litigation Reform Act ("PLRA"), the Court found that plaintiff had stated plausible claims that Officer Stryker used excessive force against him, and that Officer Jinks was deliberately indifferent to his medical needs after the incident [Doc. 5, p. 4]. However, the Court found that plaintiff had not set forth specific facts from which it could plausibly infer that any of the other named defendants violated his constitutional rights, and therefore, the Court dismissed plaintiff's claims against all defendants except Officers Stryker and Jinks [*Id.*].

Thereafter, plaintiff moved to amend his complaint, stating that, after reviewing video footage, he realized that Officer Stryker was not the officer who stomped on his head, and instead, it was Officer Watson [Doc. 22]. The Court denied plaintiff's motion to amend on the ground that he had not attached a copy of his proposed amended complaint, as

required by Local Rule 15.1 [Doc. 23]. Plaintiff then filed another motion asking to "delete" Officer Stryker from his complaint and add Officer Watson [Doc. 26]. Again, the Court denied plaintiff's motion to amend with leave to refile, for failure to attach a proposed amended complaint as required by Local Rule 15.1 [Doc. 34].

Officers Stryker and Jinks then filed a motion for summary judgment asserting that they were entitled to qualified immunity [Docs. 36, 37]. The Court ultimately granted summary judgment for Officer Jinks, finding that he was entitled to qualified immunity, but denied summary judgment as to Officer Stryker [Docs. 58, 59]. The Court also denied a third motion to amend to add Officer Watson as a defendant, because plaintiff had again failed to submit a copy of his proposed amended complaint [Doc. 58, pp. 13–14]. The Court granted plaintiff leave to refile his motion again but stated that it would "only grant Jones one more chance to correctly amend his complaint" [*Id.* at 14]. The Court explained that "[i]f Jones wishes to amend his complaint to replace Brandon Stryker with Shane Watson, and to assert any additional claims, then Jones should submit a motion which clearly states why and how he wishes to amend his complaint, **and** he must also submit a **new** complaint which includes **all of the facts and claims** that he wishes to assert in this lawsuit" [*Id.*]. The Court provided plaintiff with 45 days to submit such motion to amend and proposed amended complaint, and warned plaintiff that, if he failed to file a proper motion to amend, the Court would find that he had failed to prosecute this case and would dismiss all remaining claims with prejudice [*Id.*].

Officer Stryker filed an interlocutory appeal of the Court's denial of his summary judgment motion on the grounds of qualified immunity [Doc. 61]. Thereafter, defendants filed a motion to stay the case pending the resolution of the appeal [Doc. 68], and the Court granted the stay [Doc. 70].

The Sixth Circuit reversed and remanded on the issue of whether Officer Stryker was entitled to qualified immunity [Doc. 71]. The Sixth Circuit stated that, given that plaintiff had notified this Court that he had mistakenly identified Officer Stryker as the offending police officer, there was no factual dispute as to whether Officer Stryker used excessive force against plaintiff [*Id.* at 5]. Accordingly, the Sixth Circuit remanded the case with "instructions to enter judgment in favor of Stryker and for other proceedings consistent with this Order" [*Id.*].

However, the Sixth Circuit also noted that this Court's "most recent order gives Jones one final opportunity to comply with the governing procedural rules so that he may amend his complaint" [*Id.*]. The Circuit also stated that, given this Court's denial of his motion to amend with leave to refile, plaintiff "may amend his complaint if he follows the district court's instructions" [*Id.* at 3]. Specifically, the Circuit stated that "[t]o remove Stryker and add Watson to his complaint, Jones must follow the district court's instructions to (1) submit a motion that explains why and how Jones wants to amend his complaint, and (2) fill out and return the Section 1983 complaint form that the district court mailed to him on February 2, 2021" [*Id.* at 3 n.2].

To comply with the Sixth Circuit's provision that plaintiff be permitted a chance to amend his complaint, on October 27, 2021, the Court ordered plaintiff to file a motion to amend his complaint **AND** a proposed amended complaint within fourteen days [Doc. 73]. The Court warned plaintiff is warned that failure to file **BOTH** a motion to amend **AND** a proposed amended complaint would result in the immediate termination of this civil case.

Over a month has now elapsed, and plaintiff has filed no amended complaint, nor any other motions or pleadings. Accordingly, in light of the Sixth Circuit's order [Doc. 71] and plaintiff's failure to file an amended complaint as ordered [Doc. 73], this case will be **DISMISSED** as to the only remaining defendant, Officer Stryker. An appropriate order will follow.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE